The opinion of the Court was delivered by
Gibson J.
Two exceptions are taken to this indictment. It is said, that the time when the felony was committed, is not stated with legal certainty : and that it does not appear from the record, that the prisoner was arraigned.
It is absolutely necessary that a day certain be laid. But al- ' though certainty of time be material in a legal point of view, it cannot be pretended, that it is of much practical consequence to the prisoner, either in giving notice of the specific charge alleged against him ; or, in aiding him to defend himself against it: for the prosecutor may give evidence of an of-fence committed on any other day previous to the finding of the indictment: and on the plea of autre fois acquit, the defendant is usually under the necessity of proving the identity of the offence, charged in each indictment, by evidence dehors the record. I am, therefore, well disposed to get over an objection of this sort, whenever I can. Here, the day may be rendered certain, by reference to the year stated in the caption. That this renders the indictment sufficient in this respect, is proved by the authorities cited by the counsel for the Commonwealth, to which may be added, 1 Chitty's Crim. Law, 217.
The second exception is, that it does not appear from the record, that the prisoner was arraigned; the plea of not guilty, indorsed on the indictment, being all that. appears. The entry of the arraignment, is the record of the defend *317 ant’s appearance in Court, for the purpose of being tried, and is necessary, only, where he must appear in person. In all cases of misdemeanor, a defendant may appear, and plead by attorney : but as no one can be convicted of a capital offence in his absence, it necessarily results, that in trials for offences of that grade, it should appear by the record, that the defendant was personally present. From an expression of Mr. Chitty, in his excellent treatise on the criminal law, vol. 1. page 414, it would seem to be considered a rule applicable to capital felonies only. It is probable, however, it extends,, in England, to all crimes for which a capital punishment either is, or was liable to be inflicted ; and every felony, whether now clergyable or not, was origiginally punished with death. With us, however, the distinction as to what is to be considered as capital, and what not, is different. By the second section of the act of the 31st March, 1718, which is the ground work of our penal code, it is provided, that the enquiries and trials of all petty treasons, and misprisions of treason, murder, manslaughter, and homicides, and all such other crimes and misprisions as by this, or any other act of assembly of this province, are, or shall be capital or felonies of death, which have been, or shall be done within this province, shall be, as by this act directed: and the fourth section provides, that upon all trials of the said capital crimes, the prisoner shall have peremptory challenges, and in effect, all the privileges incident to a trial for a capital offence. Every felony therefore, which at any time by act of assembly was punishable with death, is still considered as a capital offence, as far as regards the course of the trial, although capital punishment be now taken away from every crime, except murder in the first degree. With us larceny never was capital; and although we are unwilling to countenance any thing that may tend to increase the relaxation of form, already much too great, it may be sufficient to exact an entry of the arraignment on the record, only in those cases which in this State are, in a legal view, considered capital, without wishing to dispense with its actual use in felonies that are not.- In the present day, happily for us, the civil rights of the citizen are so well understood, and the state of society is such, that there is no danger of any one being condemned without being heard. We do not stand in need of a statute such as the £8 Ed. 3. *318 (which in some measure gave rise to the necessity of ar~ raignment,) that no man shall be put to death, without being brought to answer by due course of law. In times of political fervour, we have seen party feelings carry men very far . but we have ever found, that the ordinary tribunals of the country, were neutral ground, on which the parties met, to decide their private disputes, on terms of the most perfect equality. But although we will not reverse, for want of an entry of the arraignment on the record, except in cases that are capital according to our legal acceptation of the term, we still are far from intending to sanction its omission in practice, in any case of felony. An adherence to forms consecrated by time, not only adds to the solemnity of judicial proceedings, but essentially conduces to despatch. The judgment, therefore, must be affirmed.
Judgment affirmed.